FILED
2017 Nov-22 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION (HUNTSVILLE DIVISION)

| | |
|---|---|
| **BRITTANY LOVEDAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | |
| ) | |
| **ERWIN MARINE SALES –** ) | |
| **HUNTSVILLE LIMITED** ) | **JURY DEMAND** |
| **LIABILITY COMPANY,** ) | |
| **ERWIN MARINE SALES, INC.,** ) | |
| **AND GERRY P. KELLY, JR.,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I.     INTRODUCTION

1.    This is an action for legal and equitable relief to redress unlawful harassment on the basis of sex, and retaliation against the plaintiff for engaging in federally protected activity.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000 *et seq.* (hereinafter "Title VII").  The plaintiff also asserts claims under Alabama law invasion of privacy, outrage, and negligent and/or wanton hiring, training, supervision, and retention.  The plaintiff requests a trial by jury of all issues triable to a jury.

## II.   JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.  Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. § 1367.

3. All of the unlawful employment practices challenged in this action occurred in Madison County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

## III.   ADMINISTRATIVE PREREQUISITES

4. The plaintiff has met all administrative conditions precedent for filing this case under Title VII, including filing a timely EEOC charge on October 22, 2015, attached hereto as Exhibit A, and filing this lawsuit within ninety days of receiving the *Dismissal and Notice of Rights*, which was issued on August 28, 2017 and received on September 1, 2017, attached hereto as Exhibit B.

## IV.   PARTIES

5. Plaintiff Brittany Loveday is a female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters herein a resident citizen of the State of Alabama.

6. The Defendants, Erwin Marine Sales – Huntsville Limited Liability Company and Erwin Marine Sales, Inc., were employers of the plaintiff within in the meaning of 42 U.S.C. § 2000e et seq. during the time period pertinent to this

lawsuit. These defendants employ more than fifteen (15) people and thus are "employers" for Title VII purposes.

7. Gerry P. Kelly, Jr., individually, is a male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters herein a resident citizen of the State of Alabama.

## V. STATEMENT OF FACTS

8. The plaintiff, Brittany Loveday, re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9. Plaintiff, Brittany Loveday, is an adult female individual.

10. On or about August 12, 2015, Plaintiff began working for Erwin Marine Sales, Inc. at its location at 28601 U.S. Highway 431, Grant Alabama, as a receptionist earning $10.00 per hour, 40 hours per week with opportunity to work overtime, and 90% of health and dental insurance benefits paid.

11. Bobby Luhm (male), General Manager, hired Ms. Loveday and was her supervisor.

12. From the first day of Ms. Loveday's employment, she was harassed by her male co-worker, Gerry P. Kelly, Jr. ("J.R.") (male).

13. J.R. frequently told Ms. Loveday and her female co-worker, Britney, that they had "nice asses."

14. J.R. invited Ms. Loveday out to lunch every day that they worked together, and made frequent inappropriate and offensive sexual comments and innuendos.

15. Other male co-workers told Ms. Loveday that J.R. wanted to have sex with her.

16. During the first week of September 2015, J.R. was talking with Ms. Loveday and a female co-worker, Mary, about dogs being spayed or neutered, when J.R. asked Ms. Loveday if she had been "fixed." Mary commented that he was just digging a hole for himself, implying that he had been sexually harassing female employees for some time.

17. On September 8, 2015 when Ms. Loveday was heading out to the mailbox to get the mail, J.R. told Ms. Loveday that she had a "nice ass" again, and asked, "Can I watch you walk to the mailbox?" and "move harder when you walk." J.R. told Ms. Loveday that he was married, but he liked "to look at different things." Later that day as Ms. Loveday was leaving, J.R. said to her, "did I say you could leave? Do you need a spanking? Have you ever had one and do you want one?

18. On September 9, 2015, J.R. whispered to Ms. Loveday, "Let me see" (implying he wanted to see Ms. Loveday's body). Around 10:30 a.m. the same day, Ms. Loveday was recording a voicemail for co-worker Tim, when J.R. came

4

up and complimented Ms. Loveday about her eyes. J.R. asked Ms. Loveday to "sneak off to lunch with [him] and not tell anyone." J.R. told Ms. Loveday to call her fiancé early and then go to lunch with him, and told her to stop reporting everything to her fiancé. He also asked if Ms. Loveday wanted to go out on the boat with him on Monday.

19. J.R.'s conduct was unwelcome, based on the plaintiff's gender and pervasive enough to adversely affect the terms and conditions of the plaintiff's employment.

20. Upon information and belief, J.R. had subjected other females to harassment.

21. On September 9, 2015, Ms. Loveday complained to Bobby Luhm about J.R.'s incessant sexually harassing behavior and comments in an email since he was out of town.

22. After Ms. Loveday emailed Bobby Luhm, Stewart Cassingham spoke to Ms. Loveday about the complaint. Cassingham sent Ms. Loveday home for three days with pay. Bobby Luhm told her he would handle it and that he would give J.R. a final warning.

23. On September 15, 2015, corporate management came to the Grant, Alabama location to conduct an investigation. Ms. Loveday was interviewed for close to an hour, and felt attacked and victimized throughout the interview.

24. After they finished interviewing JR, Ms. Loveday was called back into the meeting room, where she was told that she had "inconsistencies in her testimony." They told her that since she was in her probationary period, they were terminating her.

25. The reason given for Ms. Loveday's termination was that she had discussed her pay with J.R.. In truth, she was terminated for complaining of sexual harassment.

26. Plaintiff complained of sexual harassment on September 9, 2015 and was pretextually terminated on September 15, 2015.

27. Upon information and belief, J.R. was not terminated.

28. As a result of the Defendants' actions, Plaintiff suffered emotional distress, mental anguish, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of income, earnings and benefits.

## VI. CAUSES OF ACTION

### COUNT I
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

29. The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

30. J.R.'s verbal sexual harassment of the plaintiff was unwelcome and was severe and/or pervasive enough to adversely affect the terms and conditions of her employment.

31. The defendants are vicariously liable for J.R.'s sexual harassment of Ms. Loveday because the defendants knew or should have known of J.R.'s sexual harassment of the plaintiff and/or his proclivity for sexually harassing female employees, and did not take prompt, effective remedial action. Therefore, the defendants are liable for violating the proscription against discrimination and harassment on the basis of sex found in Title VII.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

32. The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

33. J.R.'s verbal sexual harassment of the plaintiff and other females was unwelcome and was severe and/or pervasive enough to adversely affect the terms and conditions of her employment.

34. The defendants are vicariously liable for creating a sexually hostile work environment because the defendants knew or should have known of J.R.'s sexual harassment of the plaintiff and other females and/or his proclivity for sexually harassing female employees and other females, and did not take prompt,

effective remedial action. Therefore, the defendants are liable for violating the proscription against discrimination and harassment on the basis of sex found in Title VII, and failed to provide a sexually neutral work environment.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

35. The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

36. Bobby Luhm and others retaliated against the Plaintiff after she complained of J.R.'s sexual harassment and engaged in federally protected activity, adversely affecting the terms and conditions of Plaintiff's employment, including pretextual and/or wrongful termination.

37. The defendants are liable for retaliation because Bobby Luhm and other company management and/or representatives were charged with investigating and implementing and enforcing the defendant's anti-discrimination policy, but instead were involved with Plaintiff's retaliatory discharge. Further, the defendants knew or should have known of J.R.'s sexual harassment of the plaintiff and/or his proclivity for sexually harassing female employees, and did not take prompt, effective remedial action. Therefore, the defendants are liable for violating the proscription against discrimination and harassment on the basis of sex

found in Title VII, and are responsible for the termination of the Plaintiff for engaging in federally-protected activity.

## COUNT IV
## INVASION OF PRIVACY

38. The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

39. This is a claim arising under the law of the State of Alabama to redress violations by J.R. of the plaintiff's right to privacy and the defendants' ratification of that conduct.

40. The conduct of J.R., as set out above, was an invasion of the plaintiff's privacy and proximately caused the plaintiff to suffer emotional distress and trauma for which she claims compensatory and punitive damages from the defendants.

41. The defendants condoned, authorized and/or ratified J.R.'s conduct because it knew or should have known of the continuing invasion of privacy of the plaintiff and/or other females and failed to adequately remedy Bendall's conduct.

## COUNT V
## NEGLIGENT AND/OR WANTON HIRING, RETENTION, SUPERVISION, AND TRAINING

42. The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

43. This is a claim arising under the law of the State of Alabama to redress the defendant's negligence and/or wanton hiring, retention, training and supervision of J.R..

44. By not conducting a background check or checking references, defendants negligent and/or wantonly hired J.R., which proximately caused J.R.'s harassment of plaintiff.

45. By conducting no sexual harassment training, the defendants negligently and/or wantonly failed to train J.R. and other employees adequately on the subject of sexual harassment, which proximately caused his harassment of the plaintiff.

46. The defendants negligently and/or wantonly failed to supervise J.R. adequately, which proximately caused his harassment of the plaintiff.

47. The defendants negligently and/or wantonly failed to terminate J.R., after receiving actual and constructive notice of his proclivity for harassing female employees, which proximately caused his continued harassment of the plaintiff.

48. The defendants knew or should have known that J.R. was unfit to act as its agent and defendants directed, aided, participated, authorized or ratified the conduct of J.R., or the acts of J.R. were calculated to or did benefit defendants.

49. J.R.'s harassment of the plaintiff has caused her great emotional distress and trauma for which she seeks compensatory and punitive damage against the defendant.

## COUNT VII
## OUTRAGE

50. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 with the same force and effect as if fully set out in specific detail hereinbelow.

51. The Defendants conducted themselves in a manner towards Plaintiff that was so extreme and outrageous as to be beyond all bounds of common social decency.

52. It was reasonably foreseeable that this conduct would result in the infliction of mental and emotional distress upon the Plaintiff.

53. Plaintiff was damaged by this conduct in that she was caused to suffer mental and emotional distress.

## VII. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the plaintiff a declaratory judgment holding that the actions of the defendant described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII.

2. Grant the plaintiff a permanent injunction enjoining the defendant, their agents, successors, employees, attorneys and those acting in concert with this defendant and on this defendant's behalf from continuing to violate Title VII.

3. Issue an injunction ordering the defendant not to engage in sexual harassment, and ordering the defendant to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct, and to abide by and to enforce said policies and procedures.  Grant the plaintiff an order requiring the defendants to make the plaintiff whole by awarding her backpay (plus interest), and by awarding her compensatory, punitive, and/or nominal damages.

5. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

    Respectfully submitted,

    s/Michael E. Auffenorde
    MICHAEL E. AUFFENORDE
    Attorney for Plaintiff

<u>OF COUNSEL:</u>
MICHAEL E. AUFFENORDE, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY**

                      s/Michael E. Auffenorde
                      MICHAEL E. AUFFENORDE

**<u>DEFENDANTS MY BE SERVED AT THE FOLLOWING ADDRESSES:</u>**

Erwin Marine Sales – Huntsville Limited Liability Company
c/o Registered Agents Inc.
212 W. Troy St., Ste. B
Dothan, AL 36303

| | |
|---|---|
| Erwin Marine Sales, Inc. | Gerry P. Kelly, Jr. |
| c/o Registered Agents Inc. | 1008 N. Houston Street |
| 212 W. Troy St., Ste. B | Scottsboro, AL 35768 |
| Dothan, AL 36303 | |

**<u>PLAINTIFF'S ADDRESS:</u>**

Brittany Loveday
c/o Michael E. Auffenorde
MICHAEL E. AUFFENORDE
2409 Commerce Court, Suite B
Huntsville, AL  35801